RECEIVE
SEP - 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 05-mbd *103.29*

IN RE: HEIDI K. ERICKSON
    Petitioner

*PETITION For Leave*

RECEIVED IN CLERK'S OFFICE
DATE: 9/6/05

I, Heidi K. Erickson do depose and attest the following under oath:

I have been ordered by Judge Woodlock to seek extra ordinary permission to file a
Complaint in this District Court of the United States pursuant to his Orders issued
May 4th, 2004. (See attached).

In said Orders I am to attest that this new Complaint is filed in good faith and to this
I attest that this Complaint seeks to claim relief and compensation for damages and
violations of the federal laws under Title II of the Americans with Disabilities Act and for
retaliation for seeking relief and filing of complaints as set forth in my Complaint and
request for Preliminary Injunction and relief attached hereto.

I also add that Judge Woodlock made gross errors in his Orders and findings especially in
the Orders, and written decision of which I have been denied appropriate relief therefrom.
Included in Judge Woodlock's errors that he denied me my right for fair and unbias
review a decision that made to inflame a reasonable man upon reading and an opinion
that has never been made without support. Judge Woodlock's opinion that because I
have spent in excess of $1600.00 (on rehabilitation of a rental unit where the landlord had
excepted me as its tenant and allowed me to move in where others had not, then were
enriched by such amount that included thousands of dollars worth of labor performed by
myself) Judge Woodlock only assumed and had no facts to support his allegations I had
not been indigent at the time of filing the Complaint or for that matter at any time
thereafter (see Motion to Clarify filed in *Erickson v Somers* and/or *Erickson v Cambridge
Housing Authority*) for Judge Woodlock to question my verasity and require others to do
so upon review of filing Complaints – downright unjust and a pretext to discrimination
against a protected class combined to deprive me of my rights to access this Federal
District Court and defame my character, reputation and good name.

With all the above I file this Petition seeking permission to file my Complaint as attached
hereto.

I attest to the facts hereinabove as true under the pains and penalties of perjury.

Respectfully submitted by:

Heidi K. Erickson

Petitioner, pro se
September 6th, 2005

14



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 05-

HEIDI K. ERICKSON
         Plaintiff

VS.                                                     VERIFIED COMPLAINT
                                                        Jury Demands

ADMINISTRATIVE OFFICES OF THE TRIAL COURT
WENDY GERSHONGORN, DORTCH O'KARA, VALI BULAND
         Defendants

1. The Plaintiff Heidi K. Erickson, hereinafter "Erickson" is a citizen of the United
   States, and a resident of the State of Massachusetts and relies upon the statements of
   fact, allegations, claims herein against the Defendants.

2. The Defendants are all duly appointed and either employed by the Defendant Trial
   Court, the Judicial branch of the Commonwealth of Massachusetts and/or supervised
   by same during all relevant times hereto except for Vali Buland who is General
   Counsel for the City of Cambridge a private individual acting professionally as part
   of the color of government.

3. Dortch O'Kara as Chief Justice for Administrative and Management hereinafter
   "Dortch" during the Spring, Summer and fall 2002 duly appointed by Chief Justice
   Margaret Marshall to supervise the Trial Court, entrusted by the powers of the state
   and its agent, at part times material herein, was charged with the supervision of said
   Defendant Agency, and at all times material herein was, responsible for the ultimate
   decision to train, and supervise her employees of said agency; and to reasonably
   provide access to the Defendant Agency's program, compliance to the US and
   Massachusetts Constitutions. Upon information and belief and the Federal Register
   Vol. 56, No. 144 issued by the Department of Justice 28 CFR part 35 (ADA Title II)
   and those laws of the Commonwealth articulated not all exclusively found in the
   Constitution of Massachusetts Article 14 and 15 where at all times material herein
   wrongly condoned, ignored the unlawful conduct of herself and employees and is
   liable to damages Erickson sustained as a result. Not all exclusively to negligence,
   discrimination, retaliation, intentional and maliciously deprived Erickson her rights
   under the US Constitution and to produce harm upon Erickson.

4. Administrative Offices of the Trial Court of Massachusetts hereinafter "Trial Court"
   and by it's Director Honorable Barbara Dortch-Ahern "Dortch" in 2002 and Robert
   Mulligan "Mulligan" in 2005 and its agents, at all times material herein, was charged
   with the training and supervision of Plaintiff Erickson's access and rights of due
   process and those rights secured by Congress and the Massachusetts Constitution
   Article 15 in 2002 and 2005. On information and belief, Dortch was until replaced by
   Robert Mulligan in 2004, and at all times material herein both were, responsible for
   the ultimate decision to train, and supervise the Trial Court employees especially
   judges; ensure conduct consistent with providing for fair and equal justice pursuant to

1

Federal Acts, the US Constitution and the Massachusetts Constitution by the Trial Courts' employees and at all time material herein wrongly intentionally, negligently, discriminately and maliciously deprived Erickson her rights.

5. Wendy Gershongorn, Superior Court Justice, duly appointed who has been entrusted by the powers of the state and her official office, did so deprive Erickson her of rights secured by the US Constitution of due process and those intentions of the US Congress by discrimination and retaliation made unlawful under Title II of the Americans with Disabilities Act, and those under the Massachusetts Constitution during a case known as Bersani v Nahigian in 2002 and on 8/31/05 during Ms. Erickson attempts to access the Trial Court, request for reasonable accommodations and seeking protective orders consistent with a case Com. v. Cambridge Housing Authority.

6. Vali Buland, General Counsel for the City of Cambridge, 795 Massachusetts Avenue, Cambridge, MA 02139 being sued herein in her professional and personal capacities, failed to report and conspired with Wendy Gershongorn, and Dortch O'Kara to deprive Ms. Erickson her rights of due process, discrimination and acted with indifference to the discrimination and retaliation committed by the Trial Court and Gershongorn failed to report and aided and abetted the continuing violations of the US and Massachusetts Constitutions and both Federal and State Laws against discrimination and retaliation, failed to report erroneous and errors in court decisions and those findings that were in gross errors with caselaw, facts and purposely condoned discrimination, and violations of civil process, due process by refusing to report same and for intentional withholding of her duty as a member of the Mass. Bar and society in general.

7. The foregoing Defendants, their professional positions, Departments, agencies, and/or committees are governmental entities and shall sometimes be collectively referred to herein as "the Public Entity Defendants" and shall not survive a motion to dismiss on protections of immunity as their acts collectively and individually knowingly violated Erickson's constitutionally protected rights, was made not exclusively with intentional malice, negligent, capriciously and knowingly wrong.

8. Plaintiff Erickson seeks immediate protective orders, relief to enjoin and monetary damages for the wrongs committed individually, professionally, personally and collectively by the Defendants.

## JURISDICTION

This action arises not all exclusive to those under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the Civil Rights Act of 1870, 42 USC sec 1983 et seq.; Sec 1981, 1982, 1985, 1986; 18 USC 241 & 243; the Americans with Disabilities Act Title II 28 CFR 35.134 & 149 and the legislative intentions of the Constitutional Amendments related to the Due Process of Law and those regarding the pursuits of happiness.

This Honorable Court has subject matter jurisdiction of this action pursuant to 28 USC sec 1331 s& 1343, and there is no jurisdictional requirement as to the amount of damages claimed and as to counts in this Complaint which are based on state law are a basis for invoking the supplementary jurisdiction of this Court pursuant to 28 USC sec 1367a, and 42 USC 1441.

## FACTS I
### 8/31/05

1. On August 31st, 2005 Erickson was forced to approached Gershongorn by the Trial Court who assigned Gershongorn to sit as the Regional Administrative Justice (RAJ) for Middlesex Superior Court, a decision that the Trial Court knowingly made and required Erickson to seek the RAJ's permission for filing a new complaint. Erickson, who thought and had made Gershongorn aware of her filing multiple complaints against her in federal court, Judicial Conduct Committee for her previous discriminatory acts as mentioned herein was denied access to the Court by Gershongorn who in retaliation for Erickson's claim of discrimination arrested Erickson when she filed a Motion to Recuse Gershongorn 3.5 hours after Gershongorn had received the case file naming Erickson as a victim of the Commonwealth's case against the Cambridge Housing Authority who had been issued a Preliminary Injunction against it for its discrimination against Erickson because of her disability and the deterioration thereof expressed in recent affidavit issued by medical doctors describing Erickson physical and mental state. Gershongorn with discriminatory animus threatened and then discriminated against Erickson all the while Gershongorn was in receipt of the case file and fully aware of the harm upon Erickson and her delicate state made her to suffer further discrimination and harm by arresting her for her attempts to file a Motion to Recuse Gershongorn she handcuffed Erickson and threw her into a locked cell removing her belonging and informing the guards that Erickson was going to Framingham evidently refusing her an opportunity to bail, after Erickson started have a anxiety attach in the jail cell she was brought back into Gershongorn's court and Gershongorn released her. Then while Erickson was walking home, Gershongorn Ordered her Court room bailiff to "go find Erickson and bring her back into my court" and Erickson was outside the court house and down the street heading to the hospital via the Green line Subway station when she was detained by the bailiff on 2nd street and requested to return to court under the guise that the Judge was ruling on her motion to recuse, and other papers. But when Erickson entered the Court room from Gershongorn's fraudulent invitation Gershongorn rearrested Erickson again even thought Erickson's physical state was obviously impaired she was hyperventilating, seizing and crying having an obvious sever anxiety attack. Gershongorn then deprived Erickson access to Court and/or a fair adjudicator to hear her new Complaint of Contempt. Erickson, who was previously and knowingly diagnosed with a deteriorating condition of epilepsy aggravated by stress producing incidents as arrest was knowingly and severally attacked, had to seek emergency medical attention by the acts of Gershongorn as described herein.

2. Gershongorn's malice was then multiplied by her continual discrimination and retaliation when she then released Erickson at 3:30pm and then at 4pm invited her back into Gershongorn's court who then rearrested her in a vial act of abuse of power and a deliberate act to harm and threaten Erickson in her known fragile condition.

## FACTS II
### 2002-2003

1. Erickson was named a Defendant in a civil action entitled *Bersani v. Nahigian* CV 02-1758 heard in the Middlesex Superior Court by Judge Defendant herein Gershongorn. Erickson suffers from multiple disability, one named dyslexia identified and documented by a Harvard University Specialist (Exh 1) fully identified herself as qualified individual with a disability and requested reasonable accommodations from both the Defendants Trial Court, Gershongorn and the onsite ADA Coordinator during the litigation and hearings phase and trial of *Bersani v Nahigian*, each time she was denied all reasonable accommodations. (Exh 2 is an example of one such request)

2. Judge Gershongorn despite Erickson fully identifying herself, supplying affidavits from specialists, who verified her disability and recommended accommodations (extra time, note takers identifying the problems with dyslexia and information processing) Erickson requested extra time for responsive pleadings like responses to discover Gershongorn and the Defendants denied same, Gershongorn demonstrated a vial dislike for Erickson and ordered her to expedite responsive discovery (6/10/02) and then required Erickson to testify by herself asking a question and answering it, totally impossible for Erickson to accomplish with her dyslexia and denied her a reasonable accommodation to testify in the narrative after numerous requests from Erickson to Gershongorn during her painful and impossible testimony. Erickson continued to request the narrative testimony type as a form for the accommodation that would enable Erickson to put the facts necessary for her defense into the record Gershongorn interrupted Erickson and Ordered her off the stand and denied her due process and refused to address another motion to continue testimony with or without reasonable accommodations.

3. Ms. Erickson's multiple requests for reasonable accommodations occurred on multiple occasions during the course of the litigation and appeal process that was intentionally, and purposely denied, blocked and barred by Gershongorn in 2002-2003. The accommodation that Ms. Erickson requested did not alter the nature of the Defendant's program and including that she either be provided a note taker or a copy of the transcript of any hearings, testimony prior to the filing of a responsive pleading or cross-examination. In addition she requested to give testimony for the record in narrative. On all occasions Gershongorn was first asked and she denied all of Erickson's requests for reasonable accommodations. Then upon each denial (about 10) Erickson reported same with the ADA Coordinator provided for by the Defendant Trial Court at both the Administrative Offices in Boston and at the Middlesex Superior Court House in Cambridge.

4

4. Erickson was not offered an alternative for an accommodation necessary to accommodate her disability and was told that she could to provide payment to the Court Stenographer of the usual rate others without disabilities were required to pay (despite the fact that her income placed her in a category below poverty level and that she qualified for a waiver of same pursuant to GL ch 261 sec 27 a-f et seq.) she could obtain a transcript.

5. Erickson then failed to take notes and was prejudiced and harmed as a result of her disability preventing her from full access to the Trial Court's program and suffered damages as a result of the Defendant unlawful discrimination and outrageous conduct.

6. Erickson at trial demanded to testify on her defense and to do so requested an reasonable accommodation in the form of testimony given in the narrative it was denied by Gershongorn and Erickson failed at her attempts to comply to the orders that were immediately issued by Gershongorn in response to Erickson's request for reasonable accommodations (giving testimony in the narrative) and was required to ask herself a question and answer it otherwise she would not be allowed to testify. Erickson attempted to testify and failed and was then ordered off the witness stand and denied her participation in her own defense to offer evidence in support of her defense.

7. Erickson was deprived due process, humiliated, insulted and discriminated by the Gershongorn who then in retaliation ordered Erickson off the witness stand and then totally deprived her the opportunity to offer testimonial evidence in her support, made to suffer deprivations of her rights to privacy and 4th amendment rights by Gershongorn's orders for the Animal Rescue League to commense subjective searches with the use of a veterinarian's nose to detect odors and totally inappropriate scheme where Erickson objected and announced that the ARL is bias and wish to get ride of Erickson who is a cat breeder, instead Erickson obtained a employee from the EPA who regularly tests objectively with instruments but Gershongorn insisted on the ARL and in violating Erickson's 4th amendment.

8. Gershongorn biasly and discriminatorily failed to give any credit to affidavits written by Erickson and/or her witnesses and even insulted Erickson for her attempt to offer the limited testimony by making a discriminatory finding that Erickson's testimony lacked credibility.

9. Gershongorn's made findings that were discriminatory, retaliatory and arbitrary, erroneous and failed to apply statutory language or caselaw to her decisions. When Erickson attempted to appeal the findings Gershongorn denied Erickson her right to appeal and was informed by the Appeals court that the Superior Court would not assemble the record unless the trial judge allowed Erickson to appeal the final judgment

10. Gershongorn denied and deprived and blocked all attempts of Erickson her appeal her decision and final judgment.

11. This is an action for damages due to the discriminatory and retaliatory action made unlawful according to the Americans with Disabilities Act Title II actionable under 42 USC sec 1983 and for the deprivations and violations of Plaintiff's due process rights, her protections under the 1st, 4th, and 14th Amendments of the US Constitution, those under the Articles 14 and 15 of the Massachusetts Constitution, and the laws of the Commonwealth that Defendant's maliciously, negligently and intentionally committed under the color of law to deprive Plaintiff those protections established by the Constitution of the United States and those provisions of the Constitution of Massachusetts.

## CLAIM I
## DISCRIMINATION
### TITLE II Americans with Disabilities Act

28 CFR section 35.149

"Discrimination Prohibited, except as otherwise provided in section 35.150, no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in , or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any public entity."

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts I section hereinabove.

2. At all times relevant to the allegations of this Complaint, each and every act alleged herein done by Public Entity Defendants individually and through their agents, servants and employees, and each of them, were acting under a pre-planned agreement and as willful participants in a joint activity. When the Public Entity Defendants (hereinafter "Defendants") discriminated against Erickson, depriving her access to its program, Defendants and each of them, unlawfully discriminated against Plaintiff due to her disability and deprived her of the due process and equal protection of the laws in violation of the intentions of Congress and her constitutional rights. In doing so Defendants fraudulently proceeding to find against Erickson, ordered her evicted from her home, deprived her the enjoyment of her cats used to accommodate a disability and a hooby she enjoyed depriving her of the Constitutionally protected interest of happiness.

3. The acts of the Public Entity Defendants, individually and through their agents, servants and employees, and each of them, were clearly supported by the power, property and prestige of the Commonwealth's Government which imbued them with the power and prestige of Government officials. As a consequence individually and through their agents, servants and employees, and each of them, were acting under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts and the United States. Defendants, and each

6

of them, were clothed with the authority of the Commonwealth and were purporting to act thereunder.

4. The action against the Public Entity Defendants, individually and through their agents, servants and employees, for violations to and deprivations of constitutional rights and privileges under color or authority of State law, is actionable under 42 USC section 1983.

5. The action against the Defendants, individually and through her agents, servants and employees, for conspiracy to commit violations of and deprivations of constitutional rights and privileges under color or authority of State law, and for violations of privacy invasion and deprivations of due process and equal protection and failing to report these violations to the Bar and/or the Committee for Judicial Conduct is not exclusively actionable under 42 USC section 1983.

6. The Public Entity Defendants are not immune to a civil action for the above recited violations by state officials acting in their official capacity.

7. Damages are an appropriate and judicially manageable remedy for an invasion of personal interests in liberty, happiness and fairness and justice and for the protections guaranteed all Americans by both the US Congress and Constitution for the case presents a focused remedial issue without difficult questions of causation and valuation, and there are no applicable special factors counseling hesitation in the absence of affirmative action by Congress.

8. On or about 8/31/05 while the Erickson was attempting to access the Defendant's program, Gershongorn and the Trial Court under a ruse called Erickson back into her court to torture her resulting in damages to her physically and mentality personally and reputationally done with no legitimate legal authority or law enforcement purpose arrested Erickson to torture her. By the Defendants actions encourage others it harass Plaintiff unlawfully and maliciously. Gershongorn and the Trial Court under the imprimatur of ruling on Erickson's motion to recuse and under the orders and authority of the color of law to participate in the Judicial decision making tortured Erickson, humiliated her and discriminated against her based on her disability then retaliated in violation of federal and state law Gershongorn had no legitimate judicial or law enforcement purpose. Had Plaintiff known that Gershongorn had not ruled and that the ruse invitation to her court room would lead to her torture and demise Plaintiff would not have attempted contact with Gershongorn and would not have responded to the agents and employees (bailiffs) demands.

9. The Defendant's unwarranted torture was for the purpose to deprive Plaintiff her rights and immunities, interference with life, accuse her of a fraudulent crime and make her look incriminating in the eyes of the public and defame her with a fraudulently procured and abusive use of power, and to fraudulently and maliciously deprive Plaintiff her property, and accuse her of a criminal act and by doing so

7

defame Plaintiff and make her look incriminating in the eyes of the public and made to suffer damages to her physical and mental well being.

10. Pursuant to the Defendants and its employees and agents long-standing policy, custom and practice to discriminate against Erickson of the same nature the said Defendants and their employees and agents facilitated and conspired with each other Defendants to continue the harassment and damage upon Erickson.

11. The Public Entity Defendants, its employees and agents were acting in concert to deprive Plaintiff her known Constitutional protections, and to discriminate, retaliate in violation of federal law and Plaintiff's Fourth Amendment right to happiness, privacy and unreasonable search and seizure. Said actions willfully exceeded the authority of the Public Entity Defendants and its employees and agents. The said Defendants, and each of them personally participated in the deprivation of plaintiff's fourth amendment rights but also set into motion a series of acts by others which they knew or reasonably should have known would cause others to inflict constitutional injury upon Plaintiff.

12. Because of the above-recited facts, the Public Entity Defendants individually and through their agents, servants and employees, and each of them, under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts deprived Plaintiff of her rights, privileges and immunities secured to her by the United States Constitution, including, but not limited to:
   a. Plaintiff's Fourth Amendment right to privacy and security in her person, house, papers and effects, to be free against unreasonable searches; and
   b. Plaintiff's right to be free in her person against unreasonable seizure.
   c. Plaintiff's enjoyment of equal access and free from violations of federal law and torture/

13. The actions of each Public Entity Defendant violated Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.

14. The actions of each Public Defendants impeded and hindered the course of justice with the intent to deny Plaintiff the equal protection of the laws and discriminate against her due to her disability.

15. As a direct and proximate result of the outrageous and wrongful acts of each of the Public Entity Defendants, plaintiff suffered extreme indignities and humiliation, severe emotional and physical distress, pain and suffering, mental anguish, threatened loss of liberty and loss of standing in the community and has been held up to ridicule before her peers.

16. Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to proof at trial, proximately caused by the wrongful acts hereinabove complained of and alleged herein.

8

17. The Public Entity Defendants and each of them individually and in concert acted willfully, maliciously, intentionally, oppressively, and in wanton and reckless disregard of Plaintiff's constitutional rights and the possible consequences of their conduct. Accordingly, Plaintiff is entitled to and hereby demands punitive and exemplary damages by way of punishing and deterring the Public Entity Defendants in an amount of no less then 1 Million Dollars. ($1,000, 000.00).

18. The actions of Public Entity Defendants, jointly, and severally, entitle Plaintiff to an award of exemplary and punitive damages.

## CLAIM II
### DISCRIMINATION
### TITLE II Americans with Disabilities Act

28 CFR section 35.149

"Discrimination Prohibited, except as otherwise provided in section 35.150, no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in , or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any public entity."

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM III
### RETALIATION
### TITLE II Americans with Disabilities Act

28 CFR section 35.134 Retaliation or coercion

[a] No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the act or this part.

[b] No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

9

## CLAIM IV-V
### ACCESS TO THE COURTS AND RIGHTS TO A FAIR TRIAL
US CONSTITUTIONAL AMENDMENTS and 15th Article to the Mass. Constitution
Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM VI
### CONSPIRACY TO COMMIT FRAUD
Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM VII
### DUE PROCESS
### 42 USC sec. 1983
### VIOLATION 14th Amendment

Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM VIII
### EQUAL PROTECTION
### VIOLATION 14th Amendment

Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM IX
### NEGLIGENCE

Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM X
### NEGLIGENT TRAINING AND SUPERVISION

Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM XI
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM XII
NEGLIGENT INFLICTION OF EMOTOINAL DISTRESS

Upon all the Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM XIII
MALICIOUS INFLICTION OF EMOTIONAL DISTRESS

Upon all Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

## CLAIM XIV
CONSPIRACY TO COMMITT FRAUD

Upon all Defendants

1. Plaintiff relies upon all previously stated paragraphs as previous set forth in Facts II section and the preceding 1-18 paragraphs under Count I hereinabove.

All the actions of the Defendants were knowingly committed and conspired and fraudulent, intentioned to produce public scorn, embarrass and ruin Plaintiff reputation, made to deprive Erickson her established rights under the US and of Massachusetts Constitution and in attempt to secure that its actions go un-questioned by either the public and or the Federal Courts Defendants over-zealously conspired to prevent Erickson from safe and secure housing, interfere with Erickson's associations with her landlord (Nahigian), and others, emotionally and physically deprive her of her beloved Persians and dog used to accommodate a disability she suffer.

All of the actions herein above are not subject to immunity pursuant to the 11 Amendment and are actionable pursuant to 42 USC sec. 1983

## CLAIM XIII
### TORTUIOUS INTERFERANCE WITH ADVANTAGEIOUS RELATIONSHIP

Upon all Defendants

As set forth herein.

Buland while in Court offered to Nahigian that if would seek to evict Erickson that she acting on behalf of the City and Bersani, would drop all claims and the civil action against him.

## CLAIM XIV
### DEPRIVATION OF 1ˢᵗ AMENDMENT RELATING TO FREE ASSOCIATION

Upon all Defendants

As set forth herein.

Buland while in Court offered to Nahigian that if would seek to evict Erickson that she acting on behalf of the City and Bersani, would drop all claims and the civil action against him.

## CLAIM XV
### MALICIOUS PROSECUTION

Upon all Defendants

As set forth herein.

Buland while in Court offered to Nahigian that if would seek to evict Erickson that she acting on behalf of the City and Bersani, would drop all claims and the civil action against him.

### PUBLIC ENTITY DEFENDANTS

19. As a result of the Defendants' actions, the plaintiff was suffered discrimination, and great emotional pain and public embarrassment, suffered damages including mental anguish, scorn and loss of reputation, the loss of constitutionally protected rights, privacy, security, suffering public humiliation, ridicule, shame, personal embarrassment, damages to loss of home, harm to her physically, losses of her reputation.

20. All of the Defendants acted wantonly, recklessly, willfully, and maliciously, with the intent of injuring and oppressing the Plaintiff, as a result of which Plaintiff is entitled

to an award of punitive damages, actual damages, consequential damages and special damages and all cost of this action.

21. At all relevant times the Defendants' were acting under auspices of the Defendant Dortch and/or Mulligan and the Trial Court within the scope of their duties as an employees of Mulligan and the Trial Court.

22. By the actions of Defendants who knowingly conspired to deny Erickson her rights and protections of the US Constitution the Defendant's are liable to the Plaintiff for the acts and omissions as public entity employees committing fraud while acting within the scope of their duties and authority.

**Prayer for Relief:**

1. Erickson requests permanent and continuous relief to access to enjoin both the Trial Court from hearing any cases and/or claims naming Erickson with

2. Erickson requests that the Trial Court be Ordered to fully and completely provide the reasonable accommodations a requested by Erickson herein;

3. Erickson requests this Honorable Court to restrain Gershongorn from approaching or contacting Erickson and that she stay away from Erickson by 100 yards.

4. Erickson requests that this Honorable Court vacate all Orders, findings and Judgments issued by Gershongorn as they relate to Erickson, and permanently remove from the records in the Trial Court same.

5. Erickson request that this Honorable Court find in favor of all claims and/or any portion thereof and grant her all damage awards of 1 million dollars.

6. Erickson requests that this Honorable Court find in favor of all claims and/or any portion thereof and order treble damages, special damages, consequential, proximate and actual damages in the amount it deems fair and just.

7. Request is hereby made that any state court holding jurisdiction over Erickson in any claims civil and/or criminal be immediately transfer to the Federal Courts and decided within the Federal jurisdiction.

8. Request is hereby made for any and all relief deemed just and fair.

Respectfully submitted by:
Heidi K. Erickson, *pro se*   09/01/05

I Heidi K. Erickson, by signature hereinabove attest that the facts contained herein are true under the pains and penalties of perjury.

13

31

Commonwealth of Massachusetts

Middlesex, ss                          RECEIVED   Superior Court
                                                  Civil Action No. 02-1753

                                                            02·1757ρ

Bersani, et al.                        2002 JUN 28  P 3: 50
            *Plaintiff*                             Ex parte

vs                                     MOTION & AFFIDAVIT OF HEIDI K. ERICKSON

Frank Nahigian
Heidi Erickson
            *Defendants*

## IN SUPPORT OF EMERGENCY RECONSIDERATION OF PRELIMINARY INJUNCTION and REQUEST FOR ACCOMMOATIONS

I, Heidi K. Erickson, being duly sworn, depose and state the following:

1.  I am a party to the above captioned case and resident of Massachusetts who came to Massachusetts to study at Harvard University in 1990.

2.  I have suffered from a form of Dyslexia for most of my life, accommodated by various alternatives designed to assist me with everyday living especially as it effects particular tasks.

3.  I was diagnosed by early in my life, tested and re-diagnosed by Dr. Dinklage of Harvard University (Specialist for Students with Disability) in 1994 who found I suffered from a sever form of dyslexia, and recommended that as a form of accommodation extra time on written assignments were necessary and, tape recording of classes (as note taking was practically impossible) mentioning herein a couple of his recommendations deemed necessary and reasonable.

4.  The accommodations I respectfully request of this Honorable Court:are

    a.  Additional time for preparing and submission of written pleadings and a waiver of the M.R.C.P. rule 9 requirement of time limitations.

    b.  A note taker and an expedited copy of the courts transcripts delivered and studied by myself prior to the next day of trial, when I am expected to be at trial.

5.  Additionally, I asks that this Court hear this Motion and Affidavit exparte, and request that this court supply these reasonable accommodations to me as mentioned herinabove at no additional cost to me, to impound this document, to docket this affidavit as "Erickson's Exparte Motion and Affidavit for Reasonable Accommodations" and to dissolve this Honorable Court's Orders of 6/10/02 expediting discovery and trial.

Signed under the pains and penalties of perjury, this 28th day of June 2002

H. K
Heidi K. Erickson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEIDI K. ERICKSON,                    )
                                      )
            Plaintiff,                )
                                      )
     v.                               )  C.A. No. 04-10629-DPW
                                      )
DAVID SOMERS, et al.,                 )
                                      )
            Defendants.               )

## ORDER ON PLAINTIFF'S MOTION FOR
## CLARIFICATION AND RESPONSE TO ORDER TO SHOW CAUSE

On May 4, 2004, I denied plaintiff's motion for
reconsideration of the denial of her application for a temporary
restraining order and dismissed this action as lacking any
arguable basis in law.  See Docket No. 17.  I also ordered
plaintiff to demonstrate good cause within 35 days (1) why her in
forma pauperis status should not be revoked and why she should
not be sanctioned in the amount of at least $150.00; and (2) why
she should not be sanctioned or enjoined from further filings in
this Court absent leave of Court.

Forty-one days later, on June 14, 2004, Erickson filed a
"Verified Motion or, In the Alternative, Request For
Clarification On Orders Issued on May 5ᵗʰ 2004 [sic]."[1]  In her
motion, plaintiff claims that she is "profoundly confused why
this Honorable Court keeps misstating issues of facts [sic]
despite the evidence presented attached as exhibits in her

_____

[1] I have considered plaintiff's response despite the fact
that it is untimely.

pleadings unless there is discrimination, biased [sic] and or plain error." Motion, p.1. Rather than responding to my concerns about her history of filing frivolous actions in this Court, the entirety of the motion is devoted to a re-argument of her motion for injunctive relief and a statement of the reasons why she disagrees with this Court's dismissal of her claims. Motion ¶¶ 2-3, 7-9, 11-12. The motion is replete with specious accusations about this Court's alleged bias towards her and its alleged improper handling of her claims in this and other actions filed by her. Id. at ¶¶ 1-2, 7, 11-12.[2] Erickson fails to address this Court's expressed concern that she is abusing the federal judicial process. An order enjoining her from filing actions in this Court without prior approval of a judicial officer is necessary to stop her continued abuse of the process of this Court.

## ANALYSIS

### I.  Plaintiff's In Forma Pauperis Status

The benefit of proceeding in forma pauperis is granted as a privilege and not as a matter of right. Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963). In enacting the in forma pauperis statute, Congress recognized that unlike a paying litigant, a litigant whose filing fees and court costs are assumed by the

---

[2]On June 21, 2004, plaintiff filed a "motion" attempting to correct typographical errors in her response. Nothing in that motion affects the substance of her response.

2

public lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989) (interpreting former § 1915(d)). Thus, the <u>in forma pauperis</u> statute is designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit. <u>Id.</u> at 327.[1]

If a court determines that a litigant's allegation of poverty is untrue, the court must dismiss the action with prejudice. 28 U.S.C. § 1915(e)(2)(A) (stating that the court "shall" dismiss if allegation of poverty is untrue); <u>see</u> <u>Romesburg v. Trickey</u>, 908 F.2d 258, 260 (8th Cir. 1990) (affirming dismissal with prejudice for failing, in bad faith, to include certain financial information, interpreting former section 1915(d)); <u>Atwell v. Reese</u>, 530 F. Supp. 314, 315 (D. Ala.

---

[1]A litigant seeking <u>in forma pauperis</u> status is not required to demonstrate absolute destitution and is not required to forego the necessities of life in order to pay the filing fee. <u>Adkins</u> <u>v. E.I. DuPont de Nemours & Co., Inc.</u>, 335 U.S. 331, 339 (1948). Conversely, however, if a litigant can afford the basic necessities of life, <u>in forma pauperis</u> status is not mandated. <u>Diaz-Ojeda v. Toledo</u>, 54 F.3d 764, 1995 WL 311724 at * 1 (1st Cir. May 22, 1995) (affirming; payment of filing fee would not deprive plaintiff of the necessities of life); <u>cf.</u> <u>In re Stump</u>, 449 F.2d 1297, 1298 (1st Cir. 1971) (stating that if an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, to "put his money where his mouth is.").

3

1981) (same; dismissing).  Cf. Moreland v. Hu-Friedy Mfg., Co.,
No. 95 C 4373, 1997 WL 543066, at *5 (N.D. Ill. Aug. 29, 1997)
(plaintiff sanctioned $150.00 for filing intentionally false
financial affidavit).

Here, plaintiff was directed to explain to the Court the
obvious discrepancy between the assertions of financial indigence
contained in her application to proceed without prepayment of
fees in this action and the affidavit submitted with her motion
for injunctive relief which stated that she had spent
approximately $1600.00 on improvements to her apartment.  Her
admission that she was able to expend these funds was
inconsistent with the statements in her in forma pauperis
application, signed under penalty of perjury, that she was
unemployed, had less than $400.00 in a bank account, and could
not afford to pay the $150.00 filing fee for this action.
Application, p. 1-2.  Plaintiff's response to my concerns about
her financial indigence only repeats that she spent $1600 on the
apartment and is thus inapposite.[6]

Erickson failed to meaningfully respond to the order

---

[6]Only one paragraph in the plaintiff's motion remotely
addresses the Court's concerns about plaintiff's financial
indigence.  After claiming that her physical labor alone is worth
at least $1500.00, but is more properly valued at $25,000,
Erickson states that she purchased "materials in excess of
$100.00 for direct purchases and others replaceable at
approximately $500 and a washer-dryer at nearly $1,000.00."
Motion ¶ 10.

4

directing her to demonstrate why her in forma pauperis status
should not be revoked. However, I am unable on the present
record to make a determination whether plaintiff's assertions of
financial indigence are true. Because I will enjoin her from
filing new filings absent leave of Court, I will not revoke
plaintiff's in forma pauperis status in this action even though
it is well within my authority to do so. See Assadd-Falts v.
Univ. of South Carolina, 971 F. Supp. 985, 991 (D. S.C. 1997)
(revoking plaintiff's IFP status for failing to demonstrate good
cause why it should not be revoked). A further inquiry into
plaintiff's indigency status will only prolong proceedings in
this Court; in the future, plaintiff's filings will be subject to
oversight by injunction in any event.

      II.  Plaintiff Shall Be Enjoined From Filing New
           Actions In This Court Absent Leave of Court

      As discussed in my May 4, 2004 Memorandum and Order, a
district court has the power to enjoin litigants who abuse the
court system by filing groundless and vexatious litigation.
Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871, at *2 (1st Cir.
Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode
Island, 985 F.2d 32, 34 (1st Cir. 1999)). The repeated filing of
factually and legally deficient actions may be considered a
burden on the Court's time and resources warranting injunctive
relief. See Castro v. United States, 775 F.2d 399, 408 (1st Cir.
1985) (per curiam) ("[I]n extreme circumstances involving

5

groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980) (same).

A district court also has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.[5] See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Assocs., 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers

---

[5]Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. Local 285 Serv. Employees Intern'tl v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995); accord Alexander, 121 F.3d at 315-316 (sanction appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist). Subjective bad intent is not necessary to justify an award for vexatious conduct, Local 285 Serv. Employees Intern'tl, 64 F.3d at 737, and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

6

rather than Rule 41); <u>Alexander v. United States</u>, 121 F.3d 312, 315-316 (7th Cir. 1997) (sanctioning inmate in the amount of $500 pursuant to court's inherent authority for repetitious, meritless litigation). Thus, where a party's behavior is an abuse of the processes for the administration of justice, a court may issue an order to the Clerk of Court that the Clerk not file documents presented to the Clerk by that party absent leave by a judge of the Court. <u>Castro</u>, 775 F.2d at 408 (per curiam); <u>Gordon</u>, 558 F.2d at 618 (per curiam); <u>Pavilonis</u>, 626 F.2d at 1078.

Here, as discussed in the May 4, 2004 Memorandum and Order, Erickson has vexatiously filed meritless action after meritless action in this Court. A review of Erickson's litigation history indicates that she has filed at least eighteen actions in this court in the past decade.[6] In nearly all of these cases, she has

---

[6] <u>See, e.g.</u>, <u>Erickson v. Commonwealth</u>, C.A. No. 94-10354-RWZ (granting respondent's motion to dismiss); <u>Erickson v. Harvard Univ.</u>, C.A. No. 94-12472-RGS (granting defendant's motion to dismiss), <u>appeal dismissed</u>, No. 95-1335 (1st Cir. July 5, 1995); <u>Erickson v. Harvard Univ., et al.</u>, C.A. No. 95-10698-PBS (dismissing action removed by defendants; Erickson enjoined from filing future suits against defendants) <u>appeal dismissed</u>, No. 95-2368 (1st Cir. Apr. 30, 1996); <u>Erickson v. DeSouza</u>, C.A. No. 95-10863-JLT (remanding to Middlesex Superior Court); <u>Erickson v. Mass. Committee for Public Counsel Servs., et al.</u>, C.A. No. 95-12575-JLT (dismissing under former § 1915(d)); <u>Maziarz, et al. v. Erickson</u>, C.A. No. 96-10719-MLW (remanding); <u>Erickson v. Cambridge/Somerville Elder Servs.</u>, C.A. No. 00-12523-EFH (§ 2254 petition dismissed with prejudice); <u>Viola v. Erickson</u>, C.A. No. 01-11135-DPW (remanding); <u>Erickson v. Nahigan, et al.</u>, C.A. No. 02-10918-JLT (remanding, plaintiff advised of Court's authority to enjoin); <u>Erickson v. Bersani, et al.</u>, C.A. No. 02-11580-JLT (plaintiff directed to demonstrate good cause why she should not be enjoined; action dismissed under § 1915(e)(2)); <u>Erickson v.</u>

asserted an alleged need for emergency relief, requiring this
Court to divert resources to advance and decide (and dismiss) her
claims out of order.

Indeed, most recently, Erickson filed three new actions in
this Court in the span of one week.[7]  In each action, Erickson
asserted an alleged need for immediate, injunctive relief.  On at
least one occasion, not only was injunctive relief simply not
warranted, no good-faith basis existed for the contention that
such relief was needed.

In Erickson v. Commonwealth, et al., C.A. No. 04-11607-DPW,
Erickson filed a complaint and a motion for a temporary

_____

Kovacev, C.A. No. 03-10438-DPW (remanding; attempt to remove
housing court proceedings to this Court); Erickson v.
Administrative Office, et al., C.A. No. 03-10460-NMG (dismissing
ADA claims based on alleged discriminatory treatment in state
court proceedings); Erickson v. Reilly, et al., C.A. No. 03-
10785-RCL (pending; civil rights claims based on seizure of
cats); Erickson v. Watertown Health Dep't, et al., C.A. No. 03-
10999-RCL (removed action administratively dismissed on
abstention grounds; civil rights claims based on events
surrounding seizure of cats); Erickson v. Somers, C.A. No. 04-
10629-DPW (dismissing discrimination claims based on alleged
dissemination of information about plaintiff's notoriety to
prospective landlords; appeal filed, No. 04-1594; Erickson v.
Commonwealth, C.A. No. 04-11607-DPW (dismissing claims based on
alleged euthanasia of cats); Erickson v. CPCS, et al., C.A. No.
04-11659-RCL (claims about alleged ineffective legal assistance
at state criminal hearings for animal cruelty); Erickson v. State
Racing Comn'n, et al., C.A. No. 04-11660-WGY (civil rights claims
based on denial of stable employee license).

[7]Erickson v. Commonwealth, C.A. No. 04-11607-DPW (filed
7/19/04); Erickson v. CPCS, et al., C.A. No. 04-11659-RCL (filed
7/26/04); Erickson v. State Racing Comn'n, et al., C.A. No. 04-
11660-WGY (filed 7/26/04).

8

restraining order at 4:40pm.  In essence, she claimed that relief

was needed in the next 20 minutes, before the Clerk's Office

closed for the day.  See C.A. No. 04-11607-DPW Docket.  However,

to the contrary, a declaration submitted by the defendants

demonstrated that no such emergency existed, prompting the

defendants to file a motion seeking an order similar to the one

contemplated here.  After preliminary injunction briefing by the

parties addressed to the merits, I have dismissed that case today

finding it without an arguable in law.

It is painfully apparent that an order enjoining Erickson is

necessary to avoid her abuse of this Court's process.  Castro,

775 F.2d at 408 (per curiam); Gordon, 558 F.2d at 618 (per

curiam); Pavilonis, 626 F.2d at 1078; Chambers, 501 U.S. at 46-50

(1991); Kouri-Perez, 187 F.3d at 6-8.  Nothing in Erickson's

response provides any basis for not issuing such an order.

Indeed, the contentious and belligerent tone of that response and

Erickson's continuing pattern of filing frivolous actions with

false claims of immediate injury demanding instantaneous

injunctive relief more than demonstrate that such an order has

been long overdue.

### CONCLUSION

ACCORDINGLY, Erickson's motion for clarification is DENIED,

and I find she has failed to demonstrate good cause why she

should not be enjoined by this Court.  It is hereby ORDERED that:

9

(1) If Heidi Erickson undertakes to file any additional papers in this Court, other than in an action already pending in this Court or in order to perfect an appeal from this Memorandum and Order, she shall file a written petition seeking leave to do so. The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition, to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court; and

(2) A copy of this Memorandum and Order shall be distributed to each District Judge's session.

(3) Erickson is specifically instructed that any failure to comply with these requirements will result in sanctions which may include monetary fines.

SO ORDERED.

Dated at Boston, Massachusetts, this __16th__ day of __August__, 2004.

DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

10